David STEELE, d/b/a S & S CONCRETE CONSTRUCTION *v.* Curtis NICHOLSON

CA 87-150                                    732 S.W.2d 876

Court of Appeals of Arkansas
En Banc
Opinion delivered July 29, 1987

PER CURIAM. Appellee's pro se motion to file a belated brief and for brief time is granted.

CORBIN, C.J., and MAYFIELD, J., dissent.

MELVIN MAYFIELD, Judge, dissenting. I want to express my dissent from the decision by the majority of this court allowing a late brief to be filed for the appellee in this case.

The brief was due to be filed on July 5, 1987. On June 30, 1987, a motion was filed by an attorney asking that this court "relieve him as attorney of record for the reason that the appellee, Curtis Nicholson, has failed and refused to pay his fees in the above entitled cause."

However, on July 10, 1987, the appellee filed a motion, which he signed, stating that his brief was due on July 5, 1987, admitting that he had "failed to pay an attorney to represent my interest," claiming to now have the money and being "willing to employ an attorney," and requesting that this court grant him additional time in which to file his brief.

Just last month, the Arkansas Supreme Court said that a party who had failed to "keep up" with her case could not be heard to complain when a judgment was taken against her at a trial she did not attend. *See Diebold* v. *Myers General Agency, Inc.*, 292 Ark. 456, 731 S.W.2d 183 (1987). In the case before us, the appellee's attorney has said the appellee "has failed and refused" to pay his fee, and the appellee himself admits this is true. Based upon the *Diebold* v. *Myers General Agency, Inc.* case, I would deny the appellee's request to extend the time limit so he can file his brief late.

Under the Model Rules of Professional Conduct, an attorney *may* "in some circumstances" withdraw from representation of a client "if it can be accomplished without material adverse effect on the client's interests." (See ARCP Rule 64 for requirements of a motion to withdraw.) One of the circumstances under which an attorney *may* withdraw is where the client "refuses to abide by the terms" of an "agreement concerning fees." *See* "Comment" following Rule 1.16, 287 Ark. at 548. I do not know whether appellee's attorney was justified in seeking permission to withdraw in this case, but if he was, it seems clear to me that the appellee does not have a sufficient excuse to allow him to file a brief late. At least, his motion gives no information from which I can find such an excuse.

Therefore, I dissent from the granting of appellee's motion to file a belated brief. I am authorized to say that Chief Judge Corbin joins in this dissent.